IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY O'DELL SIMMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FNU SELLERS, Captain, official capacity; ) <br> FNU MYERS, Captain, official capacity; and ) <br> GEO, Contract, Owners, Canteen, ) <br> ) <br> Defendants. ) | Case No. CIV-24-01245-JD |

## ORDER

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green on January 6, 2025. [Doc. No. 5]. Plaintiff filed this pro se action under 42 U.S.C. § 1983 on December 2, 2024. [Doc. No. 1]. Plaintiff filed his complaint using the Pro Se Prisoner Civil Rights Complaint form, which instructs that a pro se prisoner must either pay an initial fee of $402.00 or seek permission to proceed in forma pauperis. *Id.* at 1. Plaintiff did neither, so Judge Green ordered him either to pay the filing fee or to file a motion to proceed in forma pauperis by December 30, 2024, and warned him that failure to do so could result in the dismissal of this action. [Doc. No. 4]. Because Plaintiff did not comply with Judge Green's order by December 30, she recommends dismissing this action without prejudice for failure to comply with a court order. [Doc. No. 5 at 2].

Judge Green advised Plaintiff of his right to object to the Report and Recommendation by January 27, 2025, and warned Plaintiff that failure to file a timely

objection waives the right to appellate review of the factual and legal issues in the Report and Recommendation. *Id.* at 3. Four days after Judge Green issued her Report and Recommendation, the Court received a payment of $5.00 from Plaintiff. [Doc. No. 6]. Plaintiff also filed a timely objection to the Report and Recommendation [Doc. No. 7], and he later filed two additional filings [Doc. Nos. 8, 9].

When a magistrate judge has entered a recommended disposition of a matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will . . . . preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Plaintiff filed a timely objection, but it is not sufficiently specific to preserve any issues addressed in the Report and Recommendation for de novo review. Plaintiff's objection discusses limiting instructions given at a trial [Doc. No. 7]; it is not responsive to Judge Green's recommendation to dismiss this action for failure to comply with a court order. Because Plaintiff has not filed a timely, specific objection, he has waived the right to appellate review of the factual and legal issues discussed in the Report and Recommendation.

Nevertheless, the Court has also considered Plaintiff's additional filings, which were not filed before the deadline to object to the Report and Recommendation.

2

Plaintiff's first filing—which includes a Certificate of Completion of the White Bison Sacred Circle Group, a letter from the United States Postal Inspection Service, and an Oklahoma Department of Corrections intake assessment form—does not raise a specific objection to the Report and Recommendation. *See* [Doc. No. 8]. The Court liberally construes Plaintiff's second filing, however, to argue that Plaintiff complied with Judge Green's order by sending $5.00 to the Court. [Doc. No. 9 at 3] ("[T]he receipt of 500010193 from date Jan. 10 1:35 p. commits party payment CIV-24-1245-JD . . . if sent back $53 fee will be charge.").

    This argument is unavailing. The form on which Plaintiff filed his complaint notified him that he must pay a fee of $402.00—not $5.00—to initiate this § 1983 action. [Doc. No. 1].[1] A court can authorize a pro se prisoner to pay an initial partial filing fee under 28 U.S.C. § 1915(b), but it may only do so after the prisoner has sought leave to proceed in forma pauperis. Plaintiff has not filed an in forma pauperis motion. Thus, his $5.00 payment could not constitute an initial partial filing fee authorized by § 1915. Plaintiff did not comply with Judge Green's order by paying $5.00 to the Court, so he still has not complied with Judge Green's order to pay the filing fee or seek leave to proceed in forma pauperis.

---

[1] The Court notes that Plaintiff used an outdated form for his § 1983 complaint, *see* [Doc. No. 1] (indicating "Rev. 10/20/2015"), and the civil case filing fee is now $405.00 effective December 1, 2023. This does not impact the Court's analysis, however, because Plaintiff did not comply with or follow the Court's order. Additionally, Judge Green sent Plaintiff the necessary forms to comply with her order to cure deficiencies on December 9, 2024. [Doc. No. 4 at 2].

Accordingly, upon review, the Court ACCEPTS the Report and Recommendation [Doc. No. 5] and DISMISSES this action without prejudice for failure to comply with Judge Green's order of December 9, 2024. A separate judgment will follow.

IT IS SO ORDERED this 5th day of June 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE